Fitzgerald, J.
This is a motion for the confirmation of the ■report of a referee taking and stating the account of the above-named assignee; and to the portion of which, finding that a claimant was entitled to share in the distribution of the assigned estate as a general creditor, exception was filed’ on behalf of said claimant on the ground that his said claim was for wages or salary actually owing to him as an employee of the assignors at the time of -the execution of the deed of assignment and was, as such, entitled to a preference.
The claimant, who was a salesman of the assignors at a weekly salary, all of which was paid him up to the time of the assignment, presented a claim against the assigned estate for “ commissions -earned and produce sold for his account by said copartnership,” and for which he subsequently claimed- a preference, and the only •question at issue is, as briefly stated on pages 60 and 61 of the testimony, “ whether that part of the claim which consists of commissions upon sales is entitled to a preference under the statute.”
While the decisions in the cases of Matter of Sawyer, 31 Abb. N. C. 342; Matter of Donaldson, 27 Misc. Rep. 745; and the dictum in Palmer v. Van Santvoord, 153 N. Y. 612, which are invariably followed, would undoubtedly require a preference, in the distribution of the assets of the assigned estate, for claims such as that presented by the claimant herein, if established by the facts, yet the burden is imposed upon the claimant who invokes the aid <of the statute and cites these decisons in support of his contention of proving such facts and circumstances of employment as make him an “ employee ” of the assignors as make the sum for which he presents claim as due him his “ wages or salary ” as such employee, and of establishing such facts of employment, and relations *427 between Mm and the assignors with respect to the subject of the claim presented by him, as bring his case within the language of the statute and meet the tests established by the cases interpreting that statute.
This the referee has found that the claimant herein has failed to do; and a careful reading of the lengthy report and the voluminous record discloses no reason why the findings of fact by the referee should be reversed. It is conceded that there was no mention of commissions or percentages upon sales in the original contract of employment of the claimant, who was engaged as a salesman at a weeHy salary of twenty dollars; a promise to pay commissions did not constitute part of the consideration of the original contract of employment, of the original agreement for the services of the claimant as an employee of the assignors; and in the uncertainty and omissions of the facts concerning the continuation of the employment, and the retention of the claimant by the assignors, the referee has evidently found, not inconsistently with the weight of the evidence, that the agreement to pay commissions constituted do part of the consideration of the renewed contract of the claimant to continue in the service of the assignors as their employee, but was an enterprise independent of the relation of employer and employee established by the original and renewed contract of employment at a weeHy salary. This theory is supported by so many facts upon the record as to justify the confirmation of the report of the referee herein; thus the facts that the soliciting of sales upon commission by the claimant was carried on at different times and was independent of the regular duties of the claimant as a salesman upon a weekly salary, that the claimant retained the amount of tMs weekly salary, but did not regularly retain, credit himself with or claim the commissions, that, in inducing sales, or securing the consignment to him of goods for sale, the goods were consigned to Mm, and might be by him further consigned to the assignors or any other merchants, and that, therefore, he was, so far as the subject-matter of the claim presented by him is concerned, vested with sole discretion, and independence that were not, of themselves, consistent with the fact of an employment, subject to the control of the assignors — all indicate that, while, under his original and renewed contract of employment, he was a salesman of the assignors at a weeHy salary, yet subsequently and in addition thereto he became an independent consignee, who, in his discretion, recon *428 signed the goods to the assignors and shared with them the commissions on the sales of such goods. The weight of evidence is not contrary to the finding of the referee that, under the original or renewed contract of employment, the percentage of sales induced, through his consignment, by the claimant was not essentially a portion of his wages or salary as an employee under such contract; and that, therefore, he has failed with respect to the item upon which his claim is founded, to establish the facts which would meet the tests established by the cases on the subject, necessary to bring him within the preferential language of the statute.
For these reasons the report is confirmed. In view of the great labor involved in the case subsequent to the accounting, an allowance of $100 to the attorney for the assignee is proper and is hereby granted.
Ordered accordingly.